UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   HENRY BARRINGTON,                    :

               Petitioner,              :
                                                         :     1:10-cv-06098 (ALC)

   -against-                            :
                                                         :     <u>MEMORANDUM AND ORDER</u>

   WILLIAM LEE, Superintendent, Green    :
   Haven Correctional Facility,            :

               Respondent.             :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      On August 16, 2010, Petitioner Henry Barrington (" "Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In his Petition, Petitioner challenges his 2003 convictions in the New York State Supreme Court, Bronx County, for two counts of Robbery in the First Degree and one count of Robbery in the Second Degree.

      Petitioner contends that: (1) the State denied him procedural rights afforded to him by New York law, which in turn violated his Fourteenth Amendment due process rights; (2) his counsel at trial was ineffective; (3) the trial court lacked subject matter jurisdiction over him; (4) the trial court denied him his constitutional right to self-representation; and (5) the State failed to comply with the disclosure requirements imposed by the Constitution under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and New York law under <u>People v. Rosario</u>, 9 N.Y.2d 286, 213 N.Y.S.2d 448 (1961).

      This matter was referred to United States Magistrate Judge Michael H. Dolinger pursuant to an Order dated November 16, 2010. (ECF No. 4.) After considering the Petition and Respondent's Brief in Opposition, Magistrate Judge Dolinger issued a Report and Recommendation, dated August 14, 2013, in which he recommended that the Petition be denied,

1

**COPIES MAILED**

and that Petitioner's requests for discovery and an evidentiary hearing likewise be denied. (ECF No. 31.) Petitioner timely filed objections. (ECF No. 34.) In his objections, Petitioner also alleged several additional grounds for relief.

For the reasons stated below, Petitioner's objections are overruled, and the Report and Recommendation is adopted in its entirety. The Court further denies relief on Petitioner's newly raised grounds.

## DISCUSSION

I.  **Standard of Review**

  A.  **Antiterrorism and Effective Death Penalty Act**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted) (citing 28 U.S.C. § 2254(b)(1); Duncan v. Henry, 513 U.S. 364, 361(1995)). Although petitioners are required to exhaust their state-court remedies before seeking habeas relief, in the event that the claim in question is plainly meritless, the federal court may still address the claim on its merits. See, e.g., Mannix v. Phillips, 619 F.3d 187, 196 (2d Cir. 2010).

For those claims that have been adjudicated on the merits in state court proceedings, habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d).

### B.    Review of Magistrate Judge's Report

When reviewing a magistrate judge's Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise "specific written" objections to the Magistrate Judge's Report. Id. Where no timely, actionable objections are made, the district court may adopt the Report and Recommendation as long as there is "no clear error on the face of the record). Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted).

When specific, timely objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). This does not hold true, however, when a party makes only conclusory or general objections or "simply reiterates his original arguments." Phillips v. Girdich, No. 03 Civ. 3317 (SCR) (LMS), 2009 WL 1868608, at *2 (S.D.N.Y. June 23, 2009); see also Pinkney v. Progressive Home Health Servis., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). In that case, the Court reviews the Report only for clear error. Id.

Finally, "new claims may not be raised properly at this juncture," so any "new claims, presented in the form of, or along with, 'objections,' should be dismissed." Pierce v. Mance, No. 08 Civ. 4736 (LTS) (KNF), 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009); see also Gonzalez v. Garvin, No. 99 Civ. 11062, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing the petitioner's objection "because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law.").

## II.     Analysis

### A.     Objections to Judge Dolinger's Report and Recommendation

Petitioner objects to Judge Dolinger's Report and Recommendation for four of the five grounds of relief that he initially raised. Though Petitioner's objections could be described as conclusory or general or simply reiterating his original arguments, thus requiring only review for clear error, Phillips, 2009 WL 1868608, at *2, the Court instead reviewed each part of the disposition to which Petitioner objected *de novo*. Having reviewed the disposition in each area *de novo*, the Court adopts Judge Dolinger's report.

First, Petitioner takes exception to Judge Dolinger's recommendation that relief based on violation of New York procedural law be denied. (Pet. Obj. ¶¶ 4-7.) The Court agrees with Judge Dolinger that these violations are not the proper basis for a federal habeas petition. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner invokes federal law and the Constitution in his objections. For instance, he writes:

> "This Court is well settled and established in 'strictly construing to the rules of Federal procedure', and the petitioner further contends that the same must be of the State and for them to deviate from its own rules of law, is to violate the Federal Constitutional and State Constitutional Amendment guarantees…"

(See, e.g., Pet. Obj. ¶ 6.) However, merely invoking federal law cannot convert his claims into ones of federal law. The Rules of Federal Procedure are irrelevant to Petitioner's conviction in state court, and as is well-established, it is up to state courts—not the federal courts—to determine whether the procedures in Petitioner's case deviated from those required by state law. See, e.g., Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

Second, Petitioner alleges that his trial counsel was ineffective due to: 1) counsel's failure to join in the State's instructions to the Grand Jury; 2) counsel's refusal to file a speedy trial motion; and 3) counsel's failure to assert an affirmative defense. Judge Dolinger found the first two instances to be procedurally barred and found the last to be meritless. (R&R at 37-44.) Petitioner objects, apparently on the basis that he *did* raise these claim in state court. (Pet. Obj. ¶ 9.) Having reviewed the earlier state court decisions, the Court agrees that the claims are procedurally barred, as Petitioner did not properly assert them in the state court and he cannot show "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Even if these claims were properly in front of the Court, the Court agrees with Judge Dolinger's assessment that they cannot succeed on the merits. To prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984). Neither in his original Petition nor in his Objections does Petitioner identify any prejudice arising from counsel's purported deficiencies.

Third, Petitioner claims that the trial court lacked subject-matter jurisdiction over him. Judge Dolinger found this claim to be procedurally barred and meritless, as Petitioner offered no support for the claim. In his objection, Petitioner clarifies that he believes the trial court lacked jurisdiction over his person because he was never arraigned. (See, e.g., Pet. Obj. ¶¶ 7-8, 14.) Like Petitioner's first claim, this claim is grounded in state law. Therefore, this Court may not properly consider it. See McGuire, 502 U.S. at 67-68.

Fourth, Petitioner alleged that his constitutional right to proceed *pro se* was violated, a claim that Judge Dolinger found both procedurally barred and without merit as Petitioner

5

withdrew his request to go *pro se* on the record. Petitioner objected, arguing that he was coerced into giving up his right to proceed *pro se*. (Pet. Obj. ¶ 14) (Court and trial counsel caused Petitioner "to 'INVOLUNTARY' withdraw his right to him self as his choice of representative in his trial.") While the Sixth Amendment does guarantee a defendant the right to self-representation, he must "competently and intelligently" invoke that right, and "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975) (internal quotation marks omitted). Upon reviewing the trial court record, this Court is satisfied that the colloquy Petitioner cites as evidence of coercion in fact merely serves the purpose of making Petitioner "aware of the dangers and disadvantages of self-representation." As such, the Court finds that even if this claim were properly in front of the court, Petitioner would not prevail on it.

Finally, Petitioner does not object to Judge Dolinger's recommended findings on the State's alleged violations of People v. Rosario, 9 N.Y.2d 286, 289 (1961) and Brady v. Maryland, 373 U.S. 83, 87 (1963). Finding no clear error in Judge Dolinger's Report and Recommendation, the Court adopts his findings as to this claim and denies relief.

### B.   Petitioner's New Claims

In addition to his objections to Judge Dolinger's findings on his pre-existing claims, Petitioner raises several new grounds for relief. These claims can be classified broadly as: (1) additional allegations of ineffective assistance of trial counsel (Pet. Obj. ¶ 12(a)); (2) allegations of ineffective assistance of appellate counsel (Pet. Obj. ¶ 12(b)); and (3) a claim that Petitioner was prevented from being present at side-bar conferences during his trial. (Pet. Obj. ¶ 12).

At the outset, "new claims may not be raised properly" through Objections to a Report and Recommendation, so any new claims should be dismissed. Pierce, 2009 WL 1754904, at *1. Regardless, upon review, the new claims are without merit. Petitioner provides a laundry list of shortcomings of his trial and appellate counsel—ranging, for trial counsel, from failure to object to a photo array (Pet. Obj. ¶ 20) to failure to raise Petitioner's claims of New York state procedural violations (Pet. Obj. ¶ 12(a)), and for appellate counsel, from failure to raise an ineffective assistance of trial counsel claim to failure to challenge Plaintiff's sentence as a second-time felony offender. (Pet. Obj. ¶ 12(b).) However, even if Petitioner's allegations raised colorable claims of deficient performance under Strickland, Petitioner nowhere identifies prejudice he suffered as a result of those deficiencies, i.e. that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

As for Petitioner's assertion that he was prevented from being present at voir dire sidebar conferences, this right exists under New York law, not federal law. Compare People v. Antommarchi, 80 N.Y. 2d 247, 590 N.Y.S.2d 33, 604 N.E.2d 95 (1992) (Defendant has right to be present during voir dire sidebars with prospective jurors) with Neil v. Walsh, No. 07 Civ. 6685 (DLC), 2009 WL 382637, at *3 (S.D.N.Y. Feb. 17, 2009) ("[W]hile under New York State law, defendants have a right to be present during voir dire sidebars with prospective jurors, defendants do not have that same right under federal law.") Even if this were a cognizable federal right, Petitioner clearly waived it, telling the judge on the record, "I'm going to go with my lawyer's opinion. I withdraw that [sic] to be present." (Trial Transcript at 5.)

## CONCLUSION

For the reasons stated above, Judge Dolinger's Report and Recommendation is adopted in full, and Petitioner's additional claims for relief are denied. The Court adopts Judge Dolinger's recommendations to deny Petitioner's motions for an evidentiary hearing and against discovery, as Petitioner did not object to these recommendations and moreover, they are now moot. Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is denied in its entirety, and dismissed with prejudice. The Clerk of the Court is respectfully directed to enter judgment in favor of the Respondent and to close the case.

**SO ORDERED.**

Dated:  October 28, 2015

New York, New York

_____

**ANDREW L. CARTER, JR.**

**United States District Judge**